# DECISIONS

OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1914.

## City of Henderson v. Kentucky Peerless Distilling Company.

(Decided November 13, 1914.)

### Appeal from Henderson Circuit Court.

1. Courts—Vacation—Bill of Exceptions—Where during a term of circuit court an adjournment is had over for a few days, the interim is not vacation within the meaning of the rule prohibiting the filing of bills of exceptions during vacation.

2. Courts—Bill of Exceptions—Filing of.—Where a party had been given until a certain day of a term to file a bill of exceptions, and on that day the court was not actually in session although there had been no final adjournment of the term, the filing in the clerk's office of the bill as prepared was a sufficient compliance with the order of the court.

3. Courts—Bill of Exceptions—Filing of.—The court during term time has full power to modify or set aside any of its orders made during that term; and where an order extending the time for filing a bill of exceptions had been subsequently, by agreement, set aside, it was within the power of the court during the term to set aside the last order and leave in full force the order granting the extension.

4. Municipal Corporations—Ordinance—Amendments.—Where the title to an ordinance shows that it is only intended to be an amendment to another ordinance it will only be treated as an amendment, although in the body of the ordinance it expressly repeals the whole of the previous ordinance, especially where it is apparent from the text of the amendatory ordinance that its primary purpose was to amend the original ordinance in a certain particular.

5.  Municipal Corporations — Ordinances — Health—Sewerage. — An ordinance dealing exclusively with questions relating to the public health of a city, and dealing with the sewage question only incidently, will not be held to repeal a previous ordinance dealing with the manner of connecting with public sewers and the procedure necessary to make such connection.

JOHN C. WORSHAM, B. S. MORRIS for appellant.

VANCE & HEILBRONNER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by the appellee against the City of Henderson and its mayor seeking to enjoin them from disconnecting a private sewer which appellee had constructed and which had been connected with one of the city sewers. The injunction was granted by the lower court and the city and mayor have appealed.

A motion has been entered in this court to strike from the files the bill of exceptions and to dismiss the appeal, and those motions having been passed to a hearing on the merits will be first disposed of.

It appears that in the lower court the action was heard on oral testimony taken in open court by the official stenographer. At the same term of the court, after the entry of the judgment, the appellant was by an order given until the second day of the January term, 1914, to file a bill of exceptions and the bill of evidence. Between the September term and the ensuing January term a new board of council for the city and a new city attorney had been elected.

On the first day of the January term the new city attorney, ascertaining that the bills of exceptions and evidence had not been prepared, entered a motion asking that the time be extended for the filing until the 13th day of that term, which motion was sustained and an order to that effect entered. The new council, however, had a meeting on the second day of that term of the Henderson Circuit Court, and directed the city attorney not to prosecute an appeal from the judgment; thereupon on the third day of the term by agreement the order extending the time for the filing of the bill of exceptions and evidence was set aside, and the action filed away. Thereafter, however, the new council and the new city attorney having become more familiar with the issues involved in the case, and conceiving them to be of great import-

ance to the city, rescinded its action directing its city attorney not to prosecute the appeal, and directed him to prosecute it, and employed associate counsel.

On the 13th day of the term the court was not actually in session, having adjourned over for a day or two; and accordingly on that day the counsel for the city filed in the clerk's office a bill of exceptions and a bill of evidence, and thereafter, when the court reconvened, entered a motion to set aside the order which by agreement had been entered setting aside the order granting the extension of time. The court, after a full hearing and the filing of affidavits on both sides, set aside the order granting the extension, and permitted the bill of exceptions and the bill of evidence to be filed, and certified and approved the same.

Counsel for appellee are basing their motion upon the rule that bills of exceptions cannot be filed in vacation; but where during a term of court an adjournment is had over for a few days the interim cannot be said to be vacation. It is during term time just as if the court actually had been in session. In this case the appellants did all that could be required of them by tendering their bill of evidence and bill of exceptions in the clerk's office within the time prescribed by the order of the court. They had no control over the action of the court in adjourning over and cannot be held responsible therefor.

The court during the term had full power to modify or set aside any of its orders made during that term, and its action in setting aside the order, which had set aside the former order granting the extension, left in full force the original order extending the time.

For the reasons we have given the motion to strike from the files the bill of exceptions and dismiss the appeal are overruled.

Canoe Creek is a water course which traverses a portion of the City of Henderson, and for a long term of years had been used as an outlet for a part of the city's sewage. Several years ago a number of damage suits were instituted against the city and the Peerless Distilling Company and its manager because of alleged damage done to certain property and residents along that creek due to its pollution, which was alleged to have been caused by the drainage from the city and from the distillery.

The city and distillery were finally held liable for this damage in an opinion of this court. City of Henderson v. Robinson, 152 Ky., 245.

The city desiring to protect itself from future similar damage suits, constructed a 10-inch sewer from Canoe Creek on the east to the Ohio River on the west, a distance of something over a mile, thereby diverting the city sewage away from Canoe Creek; but this new sewer did not run nearer than 2,200 feet to the distillery property, and its sewage continued to go into Canoe Creek. The distilling company seeking a way to connect with this new sewer, and thereby relieve itself from future damage suits, after having been notified in July, 1912, by the city health authorities to abate the nuisance on its premises (presumably the running of sewage into Canoe Creek), made the following application to the city engineer:

"R. W. Ball, City Engineer, City of Henderson, Ky.

"Dear Sir:

"The undersigned desires permission to tap the Sandefur Mill and Canoe Creek sewer, ―――――― street, at a point about 360 feet west of Canoe Creek with 10″ pipe to be used for said tap, and agree to comply with the rules as stipulated in ordinance, nor will I permit any one to connect to the tap made by me unless permitted by the Common Council.

"The Kentucky Peerless Distilling Co."

Which application was approved in writing by the city engineer on July 27th, 1912, and on that same day the distilling company obtained from the city clerk of Henderson the following permit:

"Kentucky Peerless Distilling Co. having complied with the ordinance governing the tapping of sewers in the City of Henderson, is hereby authorized to tap the Sandefur Mill and Canoe Creek sewer on ―――――― side of about 360 feet west of Canoe Creek between ―――――― streets, the work to be done under the supervision of the City Engineer.

"(Signed)    J. G. Adams, City Clerk."

Immediately thereafter the distilling company, at considerable cost to itself, proceeded to connect with the new sewer, and that connection was made under the direction and supervision of the city engineer, and it is

that connection which it is sought by the injunction to prevent the city from severing.

The appellee in applying to the city engineer and in getting the permit from the city clerk acted under the provisions of the following ordinance of the City of Henderson, which became effective October 19th, 1897, to-wit:

"An ordinance regulating the tapping of sewers in the City of Henderson, and fixing the fee to be charged therefor.

"Be it ordained by the Common Council of the City of Henderson, Ky.

## "Conditions.

"Sec. 1.   It shall be unlawful for any person to tap any sewer in the City of Henderson until application shall be made to the City Engineer, setting forth the point at which it is desired to tap such sewer, and the character and size of the pipe to be used; not until the applicant shall have paid into the treasury of the City of Henderson a fee of ten dollars and received from the City Clerk of said city a permit so to do, as hereinafter provided. The application, as approved by the engineer, shall be lodged with the City Treasurer and by him transmitted to the City Clerk, and by said latter officer shall be filed in his office.

## "Fee.

"Sec. 2.   When any person, having complied with the foregoing section, desires to tap any sewer in the City of Henderson, he shall pay to the Treasurer of said city the sum of ten dollars ($10.00) and take his receipt therefor, and upon the presentation of such receipt to the City Clerk, together with the application, endorsed by the City Engineer, it shall be his duty to issue to the applicant a permit to tap the sewer, stating the street and the number of the premises in front of or from which the same is desired to be tapped, and no sewer shall be tapped at a point other than that designated in the permit.

## "City Engineer.

"Sec. 3.   It shall be, and is hereby, made the duty of the City Engineer, or his assistant, to supervise the tapping of any sewer under this ordinance, and it shall be

unlawful for any applicant to tap any sewer except under the direction of the City Engineer or his assistant."

But it is the contention of the city that this ordinance was repealed by an ordinance of June 13th, 1901, which is as follows:

"An ordinance to amend an ordinance, entitled, 'An ordinance regulating the tapping of sewers in the City of Henderson and fixing the fee to be charged therefor,' passed October 19th, 1897, and another ordinance imposing a fee or tax for the tapping of sewers.

"Be it ordained by the Common Council of the City of Henderson, Ky.

"Sec. 1.    That the ordinance entitled 'An ordinance regulating the tapping of sewers in the City of Henderson and fixing the fee to be charged therefor,' passed October 19th, 1897, and all other ordinances imposing a fee or tax for the tapping of sewers be, and the same are hereby repealed."

The first question is did the ordinance of 1901 repeal the provisions of the ordinance of 1897, or was it, as its title purports, merely amendatory in its nature? The title to the ordinance expressly shows that it was intended as an amendment to the ordinance of 1897, and in so far as the body of the ordinance undertakes to do more than *amend* the original ordinance, it is ineffectual, but is valid only to the extent that it is an amendment. It is apparent that it was intended only to modify or amend the original ordinance in so far as it imposed a fee or tax for the tapping of sewers in the city, and is operative no further than that.    So that we conclude that the ordinance of 1897 is in effect except as to the charge of a tapping fee, and the appellee having substantially complied with its provisions and acted under the approval and direction of the City Engineer, he was within his rights under that ordinance.

But it is contended by the appellee that the provisions of an ordinance of 1906 entitled, "An ordinance to amend and reduce into one the ordinances of the City of Henderson, Ky., relating to the public health, prescribing rules and regulations in reference to governing the city board of health, city health officer, (and) the control of sewage and the use of sewage" wherein it was provided:

"That all owners of occupied houses of the city of Henderson, situated upon a street or alley in which

there is a public sewer, shall connect all drain pipes and privy vaults with said sewer, and that no charge shall be made by the city for the tapping of said sewer,'' was necessarily operative as a repeal of the ordinance of 1897.

But an inspection of the title to that ordinance shows that it was dealing *exclusively* with questions relating to the public health of the city, and was dealing with the sewage question only in so far as it was connected with and related to the health department. It merely requires the owners of occupied houses abutting a street or alley to connect with the sewer thereon in the interest of the public health, and is not dealing in any way with the manner of connecting with public sewers or the procedure necessary to make such connection.

The last act quoted is in no sense inconsistent with the act of 1897.

The chancellor in his judgment very properly preserved to the city the right to regulate the character of the sewage which ran out of appellee's private sewer into the public sewer. This will, of course, remain a question for municipal regulation.

The judgment is affirmed.