## Eubanks v. Commonwealth.

(Decided May 2, 1919.)

### Appeal from Montgomery Circuit Court.

1. Exceptions, Bill of—Time of Filing.—Time was given appellant until the third day of the succeeding term of court to file his bill of exceptions and the court on the first day of said term adjourned to a day subsequent to what would have been the third day; the bill of exceptions having been tendered the first day the court reconvened it was in time.

2. Criminal Law—Self-Defense—Instructions.—An instruction defining self-defense should not point out or emphasize any particular facts so as to give them undue prominence in the estimation of the jury.

3. Criminal Law—Self-Defense—Instructions.—The following instruction on self-defense held proper: "If the jury believe from the evidence that at the time the defendant shot and killed the deceased, Ringo, he believed in good faith and had reasonable grounds to believe that he was then and there in danger of death or of great bodily harm at the hands of said Ringo, and there appeared to the defendant in the exercise of a reasonable judgment no other safe or apparently safe means of averting the impending danger, if any there was, or apparent danger, you will find the defendant not guilty."

C. C. TURNER, J. M. BENTON, EDWIN P. MORROW and C. W. NESBITT for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The appellant, Porter C. Eubanks, was indicted by a grand jury in Montgomery county, charged with the crime of murder of one Henry Ringo. A trial resulted in a verdict finding the appellant guilty and fixing his punishment at confinement in the state penitentiary for a period of ten years.

Motion and grounds for a new trial having been overruled and judgment pronounced this appeal has been prosecuted.

Ringo operated a restaurant and soft drink establishment in Mt. Sterling. The appellant, a deputy United States marshal, had information that whiskey would be sold at Ringo's place of business at a dance to be held Dec. 26, 1917. Eubanks went to this place shortly after eleven o'clock on the night in question and purchased two sandwiches; an argument arose between appellant and Ringo's clerk about the former's change, the appellant having said to the clerk that it looked like a crooked deal about the change. He was told by decedent not to say that again. Ringo had been engaged up to this time in making sandwiches, and had in his hand a butcher knife; Ringo started from behind the counter towards Eubanks, and just as Ringo reached the end of the counter he was shot by appellant.

The evidence is conflicting as to whether Ringo had the knife in his hand at the time he was shot, the weight of the evidence being that he did not have it at that time.

On June 3, 1918, appellant was given until the 3rd day of the next regular term of court to prepare and file a bill of exceptions. The next term of court convened Oct. 21, 1918, when an order was entered adjourning court until Wednesday, Nov. 6th, on which day the appellant tendered and offered to file his bill of exceptions. The Commonwealth has made a motion to strike this bill from the record on the ground that it was not filed in time.

Inasmuch as the appellant had until the third day of the October term to file his bill he was not required to file it on the first day of said term, and the court by its adjournment having made it impossible for him to file it on the third day of said term he tendered and offered to file the bill when the court reconvened on the 6th of November. The order entered on the first day of the term adjourning court until Nov. 6th, automatically extended

the time to file this bill, and the same having been filed the day court reconvened we think it was in time.

City of Henderson v. Peerless Distilling Co., 161 Ky. 1, is relied upon by the Commonwealth in support of the motion. Here practically the same conditions existed, but the losing party filed its bill of exceptions in the clerk's office during the adjournment, and while the court does not say that it had a right to so file it, it does say that appellants had no control over the action of the court in adjourning over and could not be held responsible therefor, and that appellant did all that could be required of it by filing its bill in the clerk's office in the time prescribed in the order of the court. The bill in the instant case was not filed in the clerk's office during the adjournment, but having been tendered on the first day of court after October 21, the motion to strike it from the files will be overruled.

The only point urged by appellant for reversal is the error of court in giving the following instruction:

"No. 3.   If the jury believe from the evidence that at the time the defendant shot and killed the deceased, Ringo, he believed in good faith and had reasonable grounds to believe that he was then and there in danger of death or of great bodily harm at the hands of said Ringo, and there appeared to the defendant in the exercise of a reasonable judgment no other safe or apparently safe means of averting the impending danger, if any there was, or apparent danger, you will find the defendant not guilty."

This instruction is complained of on the ground that it does not adequately or sufficiently state the doctrine of apparent danger, the contention being that the instruction is so ambiguous the jury could not tell whether it was their duty, under the instruction, to convict or acquit. It is argued that if the jury did believe Ringo put the knife down before he came around the counter, but further believed this was without the knowledge of Eubanks and Eubanks fired thinking Ringo still had the knife could the jury understand from the language used whether it was their duty to convict or acquit? In other words, that the instruction takes from the accused the right given him under the law to judge of an act upon the appearances as he saw them at the time of the difficulty, and leaves that defense to the judgment of the jury who were not present, and who were not called upon to

exercise their judgment under the circumstances that accused was required to act. We do not think the instruction is subject to such criticism. It clearly says, that if, at the time he shot and killed Ringo, he, appellant (not the jury) believed in good faith and had reasonable grounds to believe that he was then and there in danger, . . . and there appeared to him (not the jury) in the exercise of a reasonable judgment no other safe or apparently safe means of averting the impending or apparent danger he should be acquitted.

The instruction complained of is substantially the same as has been given in many cases presenting facts similar to those presented here. See Biggs v. Commonwealth, 164 Ky. 223; Heck v. Commonwealth, 163 Ky. 518; Weathers v. Commonwealth, 162 Ky. 146; Sizemore v. Commonwealth, 158 Ky. 492; Rose v. Commonwealth, 156 Ky. 819; Powers v. Commonwealth, 110 Ky. 386; Ayers v. Commonwealth, 32 Rep. 1234, 108 S. W. 320; Mullins v. Commonwealth, 32 Rep. 1216, 108 S. W. 252; Austin v. Commonwealth, 28 Rep. 1087, 91 S. W. 267; Hobson, Blain & Caldwell on Instructions, sec. 758.

The court could not emphasize the apparent danger doctrine.

In Chilton v. Commonwealth, 170 Ky. 491, it is said the court properly refused an instruction which groups together and gives undue prominence to certain particular facts relied upon by defendant, the court saying: "Without entering into a discussion of the soundness of the principle of law contained in the suggested instruction, it is sufficient to say that the instruction should not have been given, because it groups together and unnecessarily emphasizes particular facts relied upon by the defendant and gives them undue prominence in the estimation of the jury. We have repeatedly condemned such an instruction and held that an instruction on self-defense should be in the usual form, thus leaving the question to be determined by the jury in the light of all the facts and circumstances of the case, rather than in the light of certain particular facts, whether relied on by the Commonwealth or by the accused." Citing authorities.

Perceiving no error in the judgment appealed from the same is accordingly affirmed.