## Engle et al. v. Bonnie et al.

May 16, 1947.

Rehearing denied November 11, 1947.

W. Scott Miller, Judge.

Franklin P. Hays and Skaggs, Hays & Fahey for appellants.

Lawrence S. Grauman, James T. Robertson and H. Bemis Lawrence for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming in part, reversing in part.

The appeal is from a judgment declaring unconstitutional an Act of the Legislature, entitled "An Act relating to cities." Chapter 42, Acts of 1946, now published as KRS 81.030 et seq. In denying a writ prohibiting the circuit court from entering the judgment, we held that an appeal might be had under what we deemed to be the proper construction of the provision in the Act which denied an appeal. We construed this as applying only to a judgment on the merits, or as to the factual conditions, and not to a judicial determination as to the constitutionality of the Act. Engle v. Miller, 303 Ky. 731, 199 S. W. 2d 123. As stated there, the suit challenges the validity of the Act under which a group of inhabitants of the St. Matthews community petitioned for its incorporation as a city.

The Act made a radical revision in the law with respect to procedure for the establishment of a municipality and the classification of such new city. The essential substance of the Act requires the creation of a municipality on the petition of 500 of the voters residing within a specified area, or a majority, whichever is the less. The St. Matthews community sought to be incorporated has 9,702 inhabitants, of which 6,488 are voters. The petition for incorporation was signed by

1,003 voters. Three groups opposed incorporation upon various grounds. If the Act is constitutional, the new municipality would become a city of the third class. Section 156, Constitution.

The circuit court declared Section 4 of the Act unconstitutional as being arbitrary legislation, particularly as giving to a minority the arbitrary power to impose their will upon a majority. Section 2, Constitution. There were several other grounds of attack. We deem it necessary to consider only whether the Act must fail because of insufficiency of the title.

Section 51 of the Constitution requires that the subject of a law enacted by the General Assembly "shall be expressed in the title." The purposes of the provision have been stated many times. Among them is the important purpose to prevent surprise or fraud, and the enactment of vicious legislation under an innocent and misleading title. Therefore, the title must give fair and reasonable notice of the nature and provisions of the Act so that a member of the legislature or any other interested person reading the title may obtain a general notice or knowledge of the contents of the Act or what it proposes to do. The title must be a true although not a detailed index of the contents. If it is restrictive, then the Act must not exceed the specification or include what is not reasonably and properly connected with or germane to it. Among recent decisions so declaring these purposes are Wood v. Commonwealth, 225 Ky. 294, 8 S. W. 2d 428; Frost v. Johnson, 262 Ky. 592, 90 S. W. 2d 1045; Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. 2d 118; Board of Education of Louisville v. City of Louisville, 288 Ky. 656, 157 S. W. 2d 337. In recent years draftsmen of legislative acts have profited by the opinions of this court and have made the titles very general so as to embrace within their scope almost anything having even remote relation to the subject matter indicated. Perhaps the most restrictive titles to revolutionary enactments were those held sufficient in Talbott v. Laffoon, 257 Ky. 773, 79 S. W. 2d 244, and Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S. W. 2d 41. But in each case, and many others of like class, the subject of the Act was naturally related to and embraced within the subject broadly and comprehensively stated in the title. It is not easy or

possible, perhaps, to set by metes and bounds the latitude permitted by Section 51 as to the coincidence of title and body. It is easier to say on which side of the line a given case belongs than to draw a line that will separate permissible disparities from forbidden ones.

Here we have a title, "An Act relating to cities." One living in the country would not know by reading it that his community might be affected by the Act. We do not believe a member of the Legislature or anyone else reading the title would reasonably suppose that the Act related to incorporating a rural community into a town, or that under it an unincorporated suburban community could be transformed into a city at the will of a small minority of the population. It would appear that this was the particular purpose of the radical change in the statute and the procedure which had existed for over fifty years. Perhaps the incorporation of the St. Matthews suburb was especially in mind, for we are aware of no other community so large that is not already a municipality, or that its creation as a sixth class town, as would have been possible under the existing law, would not be sufficient. The vice in it is that the title, "An Act relating to cities," is deceptive. The Act does not relate to existing cities. It relates to the incorporation of unincorporated communities or the creation of municipalities. The Act has the unmistakable quality of being just the kind for which Section 51 of the Constitution was designed to prevent. Had the title disclosed that the Act related to the incorporation of towns and cities, or even of cities, it would have given fair and reasonable notice of its purpose. Illustrative of recent Acts sustaining this conclusion are: Ogden v. Cronan, 171 Ky. 254, 188 S. W. 357; South v. Fish, 181 Ky. 349, 205 S. W. 329; Wood v. Commonwealth, 225 Ky. 294, 8 S. W. 2d 428, 429; State Board of Health v. Willman, 241 Ky. 835, 45 S. W. 2d 458; Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. 2d 118.

The judgment declared only Section 4 of the Act to be void and the remainder to be valid. While some of the provisions of the Act are germane to the title, since they deal with the classification of cities to be created, they seem to be merely to harmonize other sections of the statutes which they amend with a new

creation of cities, other than sixth class towns. To remove only Section 4 would be like taking out the motor of an automobile, which leaves the machine of no use. We are quite sure that these other provisions would not have been enacted without Section 4; hence they too must fall. KRS 446.090.

Wherefore the judgment is affirmed on the original appeal and reversed on the cross appeals in order that consistent modification may be made.