# Overstreet v. City of Louisville.

March 8, 1949.

Rehearing denied April 29, 1949.

C. Maxwell Brown and Wilbur Fields for appellant.

Gilbert Burnett, City Attorney, and Robert W. Meagher, Assistant City Attorney for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal is from a judgment approving an ordinance of the City of Louisville to annex certain territory adjacent to its eastern boundary line. The property is described in Ordinance No. 149, Series 1947. Reversal is urged upon the ground that the trial court erred in

striking certain parts of the petition of remonstrance. Since we think the trial court committed reversible error in striking from the petition the plea of the two year statute of prohibition against annexation, KRS 81.270 (1), we shall confine our consideration of the case to that question. The statute in question follows: "If a judgment of the circuit court is adverse to annexation or reduction by a city of any class, no further attempt to annex or strike off the territory concerned shall be made within two years after rendition of the judgment." This statute was a part of Chapter 244 of the Acts of 1893.

By Ordinance No. 52, Series 1946, the City sought to annex the territory covered by the 1947 Ordinance, and also the territory now included in the corporate limits of the City of Seneca Vista. The appellant and other freeholders filed a petition of remonstrance to the proposed annexation under the 1946 Ordinance. That action was styled Joe St. Charles v. City of Louisville, Action No. 295-326. While that action was pending the City of Seneca Vista was incorporated. In the allegation which was stricken from the petition in the action now before us it was charged that: "* * * The petitioner states that said remonstrance of said petitioners came on for trial in the Jefferson Circuit Court, Common Pleas Branch, Third Division, on May 5, 1947, and that judgment was entered in said action on said date, adjudging that the territory described in said Ordinance shall not, pursuant thereto, be annexed to the City of Louisville. The petitioners state that the City of Louisville prayed an appeal on said judgment on May 5, 1947, to the Court of Appeals, which was granted, and that said appeal is now pending."

It can be seen therefore that within less than two years after the entry of the judgment in the St. Charles Case, Action No. 295-326, the City sought to annex the territory covered by Ordinance No. 52, aside from that in Seneca Vista.

It is the contention of the City that the statute relied upon by the appellant is not applicable because there was never a judgment on the merits of the case in the former action. It is said also that the trial judge ruled as he did because it was his opinion that Ordinance No.

52 was void because of the exclusion of the territory included in Seneca Vista. On the other hand, the appellant insists that the City permitted the first action to go to final judgment and from which it was granted an appeal.

We think the statute means what it says; namely, if a judgment is adverse to annexation, no further attempt to strike off or annex the territory concerned shall be made within two years after the rendition of the judgment. Certainly, the 1947 Ordinance covered the territory concerned, because the same territory, aside from that in the City of Seneca Vista, was covered by the 1946 Ordinance.

The City erred in permitting the St. Charles Case to go to final judgment. A somewhat similar situation was dealt with in the case of City of Louisville v. Crescent Hill, 52 S.W. 1054, 21 Ky.Law Rep. 755. In that case the City had passed an ordinance proposing to annex certain territory including a portion of Crescent Hill. A petition of remonstrance against annexation was filed the following day. Before the date set for trial the City passed another ordinance repealing the one toward which complaint had been directed. An amended petition was filed alleging that fact. When the case was called for trial the City moved the court to dismiss the action at its own cost. This the court refused to do. On appeal the City asked that the judgment be reversed because the statute, K.S. Secs. 2762, 194, now KRS 81.270, prohibited the annexation of the territory in question for two years after the rendition of a judgment against annexation. During the course of the opinion it was said: "Under these provisions the ordinance of March 16, 1897, was simply a proposition of the city to make the proposed annexation. When the petition was filed by the persons affected, resisting annexation, the city was not required to continue the litigation, if not deemed to its interest. The repeal of the ordinance proposing the annexation left no proposition of annexation in force for the court to pass on. * * *." Had the City taken steps similar to those followed in the Crescent Hill Case, we would have a different situation before us.

For the reasons given we think the judgment should

be and it is reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.