## Engle et al. v. City Of Louisville.

January 20, 1950.

As Extended on Denial of Rehearing March 10, 1950.

Wm. H. Field, Judge.

Wilbur Fields for appellants.

Gilbert Burnett and Robert W. Meagher for appellee.

STANLEY, COMMISSIONER—Reversing.

The judgment appealed confirms the proposed annexation to the City of Louisville of the large area of St. Matthews (with certain exclusions), containing approximately 15,000 people, pursuant to an ordinance enacted May 28, 1947. We find it unnecessary to consider the merits of the question whether adding the territory will be ''for the interest of the city, and will cause no manifest injury to the persons owning real estate in the territory,'' the condition of annexation when, as here, less than 75% of the property owners remonstrate. KRS 81.110(2). We are constrained to hold the proceeding to be barred by a former judgment adverse to annexation.

A statute, KRS·81.270(1), provides: ''If a judgment of the circuit court is adverse to annexation or reduction by a city of any class, no further attempt to annex or strike off the territory concerned shall be made within two years after rendition of the judgment.''

Before the present judgment was rendered on November 24, 1948, there had been a previous judgment entered on March 26, 1948, in another suit between the same parties, that the annexation of a larger area embracing the same territory ''shall not take place.'' The initiation and development of the two proceedings are given in explanation and for the consideration of the city's argument.

On April 1, 1947, the Board of Aldermen enacted an ordinance (No. 67) proposing annexation of the larger area. James Engle and others for themselves and a committee of ''One Thousand and One'' property holders filed a petition in court protesting the annexation. A proceeding to incorporate the identical boundary as an independent city was then pending in the Court of Appeals. Statutory grounds against annexation were also alleged. No step was taken in the case until June 13, 1947, when the court, on the city's objection, overruled the plaintiff's motion to enter a tendered judgment. The motion for a judgment was made apparently because the city had not responded to the petition. Further steps were taken in the case from time to time but no evidence was introduced. Finally on March 26, 1948, on the motion of the city as the defendant, the order which it had procured in June, 1947, rejecting the tendered judgment was set aside, and on its motion that

judgment was entered. Excluding the description it is as follows: "It is ordered and adjudged that under Ordinance No. 67, Series of 1947, of the City of Louisville, Kentucky, annexation proceedings of the City of Louisville shall not take place to the extent of including any of the territory, in Jefferson County, Kentucky, or any part thereof, contained in the following described area."

Meanwhile, the opinion of this Court was delivered on May 16, 1947, affirming the judgment holding unconstitutional the act of the legislature under which the incorporation of St. Matthews was attempted. Engle v. Bonnie, 305 Ky. 850, 204 S. W. 2d 963. The city promptly enacted another ordinance proposing to annex a territory smaller than that covered by ordinance No. 67. This ordinance No. 99, was approved May 28, 1947. The present suit was filed by the same parties, protesting its consummation. The petition alleged that ordinance No. 67 was still in force and effect, and that was admitted by the answer.

Further steps were taken in the first case from time to time. On May 21, 1948, the plaintiffs filed an amended petition in the second suit setting up, among other allegations, the entry of the judgment in the first suit and pleaded it "as a bar to any further steps being taken in the present annexation proceeding." A demurrer to this plea was filed but no order was made at the time in relation to it. During the course of the trial it was shown that the later ordinance embraced part of the territory covered by the earlier one, and that the other case was still pending. Another amended petition set up that fact and the entry of the former judgment. At the close the court peremptorily instructed the jury to return a verdict for the defendant, i. e., for annexation. The judgment dismissed the petition, approved the annexation of the boundary described in ordinance No. 99, excluding the areas of the City of Richlawn and the Town of Druid Hills and excepting the Nanz Subdivision which was shown to have been already annexed.

We do not regard as material the question as to the Court's authority to enter a nunc pro tunc order sustaining the demurrer to the plea of former adjudication, for the Court upon the record held the other judgment not to be a bar.

In Overstreet v. City of Louisville, 310 Ky. 1, 219

S. W. 2d 405, we construed KRS 81.270(1) in relation to the same question. While a suit protesting annexation of certain territory under a 1946 ordinance was pending, a part of the area was incorporated as the City of Seneca Vista. A judgment was entered in the case on May 5, 1947, that the territory be not annexed. Within two years another ordinance was passed proposing to annex the same territory but excluding the incorporated town, and in a suit protesting that annexation we held the first judgment was a bar. It appears in that case, as it does in this one, that there had not been a trial on the merits. Nevertheless, there was a judgment adverse to annexation, and it was an effectual bar for the period of two years. The only difference between the situation in the Overstreet case and the present one is that in that case the judgment had been rendered before the second ordinance was enacted while here the later ordinance was enacted during the litigation and before judgment adverse to annexation was rendered. But we see no distinction in the two states of fact when it comes to applying the statute. It clearly says that after such a judgment no attempt shall be made for two years to annex the territory concerned. KRS 81.270(1).

The distinction between these conditions or developments and that existing in City of Louisville v. Crescent Hill, 52 S. W. 1054, 21 Ky. Law Rep. 755, is pointed out in the Overstreet opinion. In the Crescent Hill case the first ordinance had been expressly repealed. The city argues here that the second ordinance, No. 99, impliedly repealed the earlier ordinance, No. 67, pro tanto.

The repeal of an ordinance by implication will not be declared unless the later enactment is manifestly intended as a substitute and as covering the whole subject matter and prescribing the only rules with respect thereto, or is so inconsistent with or repugnant in all respects to the former ordinance that they cannot stand together. In short, that there is an irreconcilable conflict. 62 C. J. S., Municipal Corporation, sec. 437(a); Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Harris v. City of Morganfield, 201 Ky. 588, 257 S. W. 1032; John L. Humbard Construction Company v. City of Middlesboro, 237 Ky. 652, 36 S. W. 2d 38. The first statement as to the whole subject matter being covered by the later ordinance would seem to have reference specially to regulatory or operational functions. The second statement as to in-

consistency or irreconcilable conflict closer fits the present action.

Ordinance No. 99 could well be regarded as but an amendment of No. 67, for there was no inconsistency by a reduction in of the boundaries to be annexed. Cf. City of Henderson v. Kentucky Peerless Distilling Co., 161 Ky. 1, 170 S. W. 210; Lovell v. Town of Mt. Vernon, 215 Ky. 143, 284 S. W. 1025. This concept, that there was no manifest intention to repeal, is supported by the fact that the city itself never did regard ordinance No. 99 as a repeal of No. 67. It never denied that No. 67 was still in force and effect and continued to plead to the merits of the case in the action protesting that annexation. It had the case set for trial, and in the end made the motion for the judgment that the territory be not annexed. The conclusion is inescapable that in enacting the second ordinance and all during this period that both suits were pending, the city was proceeding alternatively with the thought if it did not sustain the one, it could the other annexation.

Nor can we follow the city's argument that the former judgment had no operative effect because ordinance No. 67 embraced the area then being attempted to be created as a separate municipality. When that ordinance was passed, April 1, 1947, the circuit court had already held, on February 6, 1947, that the act under which that proceeding was being taken was void. See Engle v. Miller, 303 Ky. 731, 199 S. W. 2d 123; Engle v. Bonnie, supra, 305 Ky. 850, 204 S. W. 2d 963.

We must, therefore, hold that when the judgment was entered on March 26, 1948, any further attempt to annex the territory embraced therein was stopped by operation of the statute, KRS 81.270(1), and the court was without authority to enter the judgment from which this appeal is brought.

The effect is that by virtue of the statute the judgment in the first case, namely, that entered March 26, 1948, nullified Ordinance No. 99 and subsequent proceedings relating to it. The result is that the statute of limitation was put in action and will end two years after that date, namely, March 26, 1950.

The judgment is reversed.