### ENGLE et al. v. CITY OF LOUISVILLE.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Rehearing Denied Dec. 18, 1953.

Wilbur Fields, Louisville, for appellants.

Gilbert Burnett, Herman Frick, Louisville, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment of the Jefferson Circuit Court, Common Pleas Branch, Third Division, entered June 20, 1953, which corrected and amended a previous judgment of March 26, 1948, in a remonstrance suit against a proposed annexation of territory by the City of Louisville.

To the east of the City of Louisville there lies a large, populous area known as St. Matthews, which is predominantly residential but which has a small business district. In April 1947 the City of Louisville enacted an ordinance designated as Ordinance No. 67, Series 1947, proposing the annexation of the residential area of St. Matthews, but not the business district. A remonstrance suit (the one now before this Court) was filed against the ordinance by a number of property owners.

In May 1947 the City of Louisville passed another annexation ordinance, known as No. 99, Series 1947, which proposed the annexation of a portion of the residential area of St. Matthews embraced within, and only slightly smaller than, the area covered by Ordinance No. 67. However, the description in Ordinance No. 99 was so drawn as to encircle the business district and exclude, by lot numbers, the lots in the business district, so that (either intentionally or by mistake) the ordinance covered the streets in the business district.

For reasons which here are not important, an agreed judgment was entered, on March 26, 1948, in the remonstrance suit against Ordinance No. 67, adjudging that the territory described in Ordinance No. 99 should not be annexed to the city. By reason of the peculiar description in Ordinance No. 99, this judgment technically included the streets of the business district in the territory that was not to be annexed.

Prior to the enactment of Ordinance No. 67 the City of Louisville, in 1946, had adopted Ordinance No. 51, Series 1946, proposing annexation of the business district of St. Matthews, and a remonstrance suit had been filed against that ordinance. In a hearing in that remonstrance suit, in June 1953, the point was raised by the remonstrants that the judgment of March 26, 1948, in the suit against Ordinance No. 67, was a bar to further proceedings under Ordinance No. 51. See KRS 81.270 and Engle v. City of Louisville, 312 Ky. 383, 227 S.W.2d 407

In order to overcome the objection above mentioned, the City of Louisville filed a motion on June 18, 1953, in the remon-

strance suit against Ordinance No. 67, to correct and amend the judgment of March 26, 1948. The court took proof and thereupon directed that the judgment be amended and corrected so as to cover only such territory as had been proposed to be annexed by Ordinance No. 67. Since the streets of the business district had not been proposed to be annexed by Ordinance No. 67, annexation of the streets was no longer barred by the judgment.

It is our opinion that the correction and amendment of the judgment was entirely proper. In so far as the original judgment purported to prohibit annexation of the streets of the business district it was void, because the ordinance against which the action was brought did not propose to annex the streets. See City of Louisville v. Town of Crescent Hill, 52 S.W. 1054, 21 Ky.Law Rep. 755. Under Section 763 of the Civil Code (see now CR 60.02) the lower court had authority to set aside the void portion of the judgment on motion, without limitation of time.

The appellants (who were the remonstrants in the lower court) contend that Ordinance No. 67 did include the business district of St. Matthews. The proof is all to the contrary. The appellants also argue that Ordinance No. 67 included certain territory which previously had been annexed by the City of Louisville, and that the effect of the amended and corrected judgment will be to disannex that territory. Again, there is no proof to support the argument.

It is further contended that the action taken by the lower court amounted to the granting of a new trial, and the court should have empaneled a jury, or at least should have made separate findings of fact and of law. This argument is without merit, because the proceeding, being on a motion, was one which the court was authorized to hear and determine summarily.

Finally, it is maintained that the decision in Engle v. City of Louisville, 312 Ky. 383, 227 S.W.2d 407, conclusively determined that the City of Louisville could not annex any of the territory described in the judgment of March 26, 1948. Actually, the Engle case merely held that the city could not proceed with annexation proceedings under Ordinance No. 99, because the judgment in the remonstrance suit filed against Ordinance No. 67 was adverse to annexation of the territory described in Ordinance No. 99. The validity of the judgment was not in issue and was not determined in the Engle case. There was nothing about the Engle case to preclude a later determination of invalidity of the judgment.

The judgment is affirmed.

MOREMEN, J., not sitting.