

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 23, 1966

Honorable Robert S. Calvert          Opinion No. C-765
Comptroller of Public Accounts
Capitol Station                      Re:  Whether the fact that Vernon
Austin, Texas                             W. Dozier and Rosetta Bryant
                                          filed joint income tax returns
                                          as husband and wife is suf-
                                          ficient proof that Dozier
                                          and Rosetta entered into a
                                          common law marriage so as to
                                          classify Rosetta as Class
                                          "A" beneficiary under the
Dear Mr. Calvert:                         will of Mr. Dozier.

        This is in answer to your request for an opinion on the
following statement of facts copied from your request.

        "Vernon W. Dozier died testate, a
        resident of Dallas County, Texas, and
        under the terms of his last will and testa-
        ment, he left all of his estate to Rosetta
        Bryant. Mr. Vactor H. Stanford, the attor-
        ney for the estate, advises that Rosetta
        Bryant was the common law wife of Vernon
        W. Dozier, and his only statement to sub-
        stantiate this claim is that Vernon W.
        Dozier and Rosetta Bryant filed joint
        income tax returns as husband and wife.

        "Please advise whether or not the above
        statement is sufficient to classify Rosetta
        Bryant as a Class 'A' beneficiary."

        Common law marriages are recognized in Texas. However,
whether or not there is a common law marriage is a question of
fact. The essential elements of a common law marriage are an
agreement presently to become man and wife; a living together
pursuant to the agreement as husband and wife; and a holding
out of each other to the public as husband and wife. 38 Tex.
Jur.2d 45, Marriage, Sec. 15, and cases cited thereunder.

-3678-

Just what act or acts of cohabitation will suffice to consumate marriage has never been stated - nor probably can it be. Manire v. Burt, 121 S.W.2d 630 (Tex.Civ.App. 1938, error ref.).

Although a common law marriage is as legal and as binding as a statutory marriage, and though the law does not favor but merely tolerates common law marriages, yet when common law marriage is established, it is as valid and binding as ceremonial marriage and law applicable to ceremonial marriage is equally applicable to common law marriage. Texas Employer's Insurance Association v. Elder, 274 S.W.2d 144 (Tex.Civ.App. 1954, affirmed 155 Tex. 27, 282 S.W.2d 371). The claim of common law marriage is closely scrutinized in all matters involving property rights. Welch v. State, 207 S.W.2d 627 (Tex.Crim. 1948).

The filing of joint income tax returns is not a holding out of each other to the public as husband and wife because Federal Income Tax returns are not open to the public and not available to the public.

We are of the opinion that the facts submitted do not substantiate a common law marriage, as the submitted facts do not reveal the essential elements of a common law marriage. The essential elements are ". . . an agreement to become husband and wife, a living together pursuant thereto as such, and a holding out of each other to the public as husband and wife." Martinez v. Martinez, 6 S.W.2d 408 (Tex.Civ.App. 1928).

## S U M M A R Y

The facts submitted do not substantiate a common law marriage.

Yours very truly,

WAGGONER CARR
Attorney General

By J. H. Broadhurst
J. H. Broadhurst
Assistant

JHB/fb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Marietta Payne
John Banks
Gordon Cass
Brandon Bickett

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright