CITY OF ST. MATTHEWS, Appellant,

v.

John D. MORROW et al., Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1966.

Rehearing Denied Dec. 16, 1966.

J. W. Jones, Louisville, for appellant.

Joseph B. Helm, Helm, Eddleman, Flanery & Jay, E. P. Sawyer, William H. Walden, Louisville, for appellees.

JOSEPH J. BRADLEY, Special Commissioner.

Appellant, City of St. Matthews, by ordinance enacted in July, 1963 proposed to annex an adjacent area of unincorporated territory. Appellant filed its petition in the circuit court as authorized by KRS 81.210 for judgment annexing that territory. The residents and freeholders of the area duly protested the proposed annexation. The action was later dismissed on the protestants' motion for summary judgment because the boundary line was inaccurately defined. The city objected and undertook an appeal from the judgment which was subsequently dismissed on motion of the city.

In January, 1964 appellant again enacted an ordinance designed to annex the identical territory. The same procedural steps were pursued by the parties with the result that the second action was dismissed on the basis that it was barred by KRS 81.270(1) which provides that if a judgment of the circuit court is adverse to annexation no further attempt to annex the territory concerned shall be made within two years after the rendition of the judgment.

Appellant primarily contends that the court's dismissal of the original action to annex did not constitute an adverse judgment within the meaning of the statute as there was no adjudication of the merits of the case. In Overstreet v. City of Louisville, 310 Ky. 1, 219 S.W.2d 405,

during the pendency of an annexation suit a judgment was entered that the area be not annexed. Within two years another ordinance was passed proposing to annex the same area, exclusive of a portion which in the interim had been incorporated as a township. In a suit protesting that annexation it was held that the first judgment was a bar. There, the judgment was predicated on issues other than those going to the merits of the case.

In similar context is Engle v. City of Louisville, 312 Ky. 383, 227 S.W.2d 407, in which it was held that a second annexation proceeding initiated within the statutory period was barred by a previous judgment. It is to be noted that the first action was not determined on its merits. In reaffirming its decision in the Overstreet case, the court observed:

"* * * It appears in that case [reference is to Overstreet] as it does in this one, that there had not been a trial on the merits. Nevertheless, there was a judgment adverse to annexation, and it was an effectual bar for the period of two years."

Manifestly, to render effective an adverse judgment, as the term is employed in the statute, it is not necessary that a remonstrance suit be determined on its merits.

Appellant cites, in support of its position, City of Louisville v. Crescent Hill, Ky., 52 S.W. 1054 and Buchanan v. City of Dayton, Ky., 363 S.W.2d 92. These decisions are not considered controlling here. In the Overstreet case we distinguished it from Crescent Hill. The Crescent Hill case involved an annexation ordinance which was repealed before the remonstrance suit was set for trial. We held that this action of the city, in repealing the ordinance, did not prevent the annexation of the area in question as there was no annexation proposition in force for the court to pass on. In the Buchanan case it was said that the city's dismissal of a remonstrance suit without prejudice was not an adverse judgment.

Appellant also contends that the dismissal of the action because of the inaccuracy of the description merely reflected the court's lack of jurisdiction and that the same did not constitute an adverse judgment. This seems to be a distinction without a difference in contentions. In the Overstreet case it was said that the statute means what it says; namely, if a judgment is adverse to annexation, no further attempt to annex the same territory shall be made within two years. We hold that the judgment entered in 1963 was an adverse judgment within the meaning of the statute.

The judgment is affirmed.