**Wirt T. POWELL and Grace Powell, Appellants,**

v.

**CITY OF CAMPBELLSBURG, Appellee.**

Court of Appeals of Kentucky.

March 3, 1978.

Dorothy G. Cox, Turner, Jones & Cox, New Castle, for appellants.

John M. Berry, Jr., Berry, Floyd & Highfield, New Castle, for appellee.

Before HOWERTON, WILHOIT and WINTERSHEIMER, JJ.

HOWERTON, Judge.

This is an appeal from an Order of the Henry Circuit Court dismissing without prejudice appellant's remonstrance action protesting an annexation attempt by the appellee. On May 25, 1976, the Board of Trustees of the City of Campbellsburg proposed annexation:

> . . . of all that territory on both sides of U.S. Highway 421 running parallel with and 400 feet from the centerline

of said highway, beginning with the west limits of the City of Campbellsburg, and extending to the point where the right-of-way of U.S. 421 intersects the right-of-way of Kentucky 1606.

Appellants timely filed the remonstrance action on July 16, 1976.

The issues were joined and appellants moved for a summary judgment on the basis of several technical grounds, including inadequate publication, inadequate description, failure to properly quote and record the ordinance proposing annexation in the minutes and journal of the City, and also on the ground that the territory to be annexed was either a strip or was not contiguous to the existing city boundary.

On January 25, 1977, the Trustees repealed the annexation ordinance of May 25, 1976. A pretrial hearing was held as scheduled on January 26, 1977, at which time the trial court agreed to sustain appellee's motion to dismiss the action without prejudice. The Order of dismissal was signed and entered on February 26, 1977, but on February 22, 1977, the Trustees enacted a new ordinance proposing to annex the same territory. A remonstrance has been filed against the new proposal, but appellants are presently appealing the dismissal of the first action. If a final adjudication against annexation could be obtained on the first proposal, the City of Campbellsburg would be barred from proposing annexation of the same territory for a period of two years following the final adjudication. KRS 81.-270.

On this appeal, the appellants raise the issues which were presented to the trial court, but which were never decided. We need not decide these questions on this appeal. At most, we would remand the case to the trial court for a determination of such issues.

■ The primary question which must be decided on this appeal is whether the trial court could properly dismiss appellants' remonstrance action without prejudice over appellants' objection when the City's legislative body repealed the annexation ordinance prior to any adjudication, but enacted a new ordinance proposing a similar annexation prior to the entry of the Order of dismissal? We conclude that the action of the trial court was proper.

In the case of *City of Louisville v. Town of Crescent Hill,* 21 K.L.R. 755, 52 S.W. 1054 (1899), the City of Louisville passed an ordinance proposing annexation, including a portion of the town of Crescent Hill. A remonstrance was filed. Before the date set for trial, the City of Louisville repealed the ordinance and moved the trial court for a dismissal to which the township objected. The trial court refused to dismiss the action, and proceeded to adjudicate against the annexation. The action of the trial court was reversed on appeal. The issues related to Louisville's right to a dismissal and to again seek annexation of the territory within two years. The court concluded at the end of its opinion:

> The repeal of the ordinance proposing the annexation left no proposition of annexation in force for the court to pass on. After the original ordinance had been repealed the court could not have given judgment for the annexation of the territory. The jurisdiction of the court depended upon there being a proposition to annex the territory, and, when its annexation was not proposed, there was nothing for the court to try. The motion of the city to dismiss the case at its cost should have been sustained. Judgment reversed, and cause remanded for a judgment in conformity to this opinion.

It should be noted that the City of Campbellsburg is a city of the 6th Class. KRS 81.010. Annexation procedures for a city of the 6th Class are governed by the same basic procedures as prescribed for cities of the 1st Class, such as Louisville. KRS 81.-240, 81.100 and 81.110.

The principle set forth in *Crescent Hill, supra,* continues to be the appropriate rule of law in Kentucky. The case was followed in the recent decision in *Morrow v. City of Dixon,* Ky., 493 S.W.2d 710 (1973). The City of Dixon repealed its ordinance proposing annexation, and the trial court sus-

tained its motion to dismiss the remonstrance action on the basis that the repeal left no proposition of annexation in force for the court to pass upon.

Appellants contend that the actions of the appellee in this case constitute an obvious effort to thwart or circumvent the dominion of the circuit court over the proposal to annex a particular territory. It is true that the City has enacted a new ordinance proposing annexation of the same area. We observe, and must conclude, however, that this procedure was not only approved by the trial court as to the dismissal, but it is a lawful and acceptable way for correcting probable or acknowledged errors prior to a final adjudication of the issues.

In *Overstreet v. City of Louisville,* 310 Ky. 1, 219 S.W.2d 405 (1949), a proposal for annexation was permitted to proceed to an adverse judgment in 1946. The City of Louisville proposed annexation of a similar territory in 1947, which was approved by the trial court. The judgment was reversed on appeal because of the two-year prohibition. The court explained the *Crescent Hill* case, *supra,* and then concluded, "Had the City taken steps similar to those followed in the Crescent Hill Case, we would have a different situation before us." *Overstreet, supra,* at 3, 219 S.W.2d at 406. It is clear that had the action on the first ordinance been dismissed before an adjudication, the City of Louisville would have been free to immediately begin anew its annexation efforts, and to use such a method to correct any suspected or self-acknowledged errors in its annexation procedure.

Appellants rely, primarily, on two cases. They are *Garner v. City of Lexington,* Ky., 306 S.W.2d 305 (1957) and *Buchanan v. City of Dayton,* Ky., 363 S.W.2d 92 (1962). Both cases are distinguishable from the circumstances of this appeal.

In *Garner, supra,* the City had proposed annexation of a large area. While the remonstrance was pending in the circuit court, the City proposed to annex a portion of the total territory belonging to IBM, which desired annexation. The attempt was not allowed, and the Court of Appeals concluded that the circuit court had exclusive jurisdiction to determine whether or not a part of the territory should be annexed. The effect of *Garner, supra,* has been nullified by the enactment of KRS 81.275 in 1966. *Garner, supra,* was not a case where a city was attempting to repeal a potentially invalid ordinance and to correct its errors before adjudication. It was attempting to bring in a part of an area to be annexed which was already the subject matter of a remonstrance suit and without any repeal of the original ordinance.

The *Buchanan* case, *supra,* involved annexation by a city of the 4th Class. The annexation procedure is different in that the City of Dayton was required to bring the action to obtain court approval. The City first proposed annexation in 1954, and it subsequently instituted annexation proceedings in 1957 concerning a portion of the same territory. The 1954 proceedings were laying dormant in the circuit court. The City sought leave of court to withdraw its 1954 proposal and suit, which was granted without prejudice by the circuit court. On appeal, the court distinguished *Garner, supra,* in that the procedure in *Buchanan, supra,* received prior court approval and there was no "attempt to circumvent or thwart the dominion of the circuit court . . . . ."

The cases recognize the right of a city to correct defects by dismissal of an action, if done by a leave of court and before a final adjudication. The procedure set forth in *Buchanan, supra,* is applicable for 4th Class cities, and the procedure outlined in *Crescent Hill, supra,* is applicable to all other classes of cities.

The technical procedural errors alleged against the ordinance of May 25, 1976, are now out of the way, and the new ordinance is subject to attack on its merits, or on the basis of any new procedural errors which might be raised.

■ The other issue raised by appellants, which must be considered, is whether or not it was error for the trial court to disallow appellants' request for an award of attor-

ney's fees to be taxed as cost? With certain exceptions, Kentucky does not allow attorney's fees in the absence of a statute or contract expressly providing therefor. No authority has been cited by appellants. This action does not present such an exception wherein the trial court has abused its discretion in disallowing attorney fees. See *Holsclaw v. Stephens,* Ky., 507 S.W.2d 462 (1974) and *Dulworth and Burress Tobacco Warehouse Co. v. Burress,* Ky., 369 S.W.2d 129 (1963).

For the foregoing reasons, the judgment is affirmed.

All concur.