## Trustees of Eddyville Graded Common Schools, et al. v. Board of Education of Kuttawa Common School District No. 29.

(Decided December 7, 1910.)

### Appeal from Lyon Circuit Court.

1. School Districts—Conflict in Boundary—Right to Railroad Tax. —This action involves the location of the line between the Kuttawa Common School District No. 29, and the Eddyville Graded Common School District No. 8, and the right to the taxes on the railroad which runs between them. The Eddyville district was created by an act approved March 5, 1874, and the boundary of the Kuttawa district No. 8 was fixed by an act of March 31, 1886, as follows: "To include within said district the farms of Willis B. Machen and Wm. B. Jones, and hereafter, Lick Creek shall be the line between said district No. 29 and Common School District No. 8, from the bridge near the railroad depot up to the Jones farm, and the Ch. & O. R. R. shall be the line of said districts on the south." Held, the plain purpose of the act was to add to the Kuttawa district the Machen farm and the Jones farm. The act does not refer to the railroad right of way, but the railroad itself. The railroad is the line, and is no more in one district than in the other. The line between the districts is the center line of the railroad; that is, one half of the railroad lies in one district, and one half in the other.

2. Construction of Statute—Contemporaneous Construction.—It is insisted for appellant that as the Eddyville district has for a number of years collected and used the railroad tax without objection on the part of the Kuttawa district, the court should follow the contemporaneous construction of the statute by the parties. But the construction of the statute is for the court, and where the language is not ambiguous a resort to its construction by others is improper. Nothing more appears than the failure of the trustees of the Kuttawa district for some years to assert their right. By this the district lost its claim so far as it is barred by limitation, but the mere inaction of the trustees will not be given any greater effect.

3. Non-Action of Trustees.—School trustees are not ordinarily learned in the law or acquainted with the rules for the construction of statutes, and their mere non-action should not prejudice the district by working a change in its boundary. .

4. Errors Corrected.—The circuit court properly held that so much of the railroad as is in Jones' farm is in the Kuttawa district exclusively, and such as lies between the Jones farm and Lick Creek, is in the Eddyville district exclusively. He also properly he'd that the railroad is the line between the two districts on the south, but erred in holding that any part of it between Lick Creek and Knob Creek is exclusively in the Kuttawa district. By the act the railroad is the line between the two districts from one creek to the other. But that the Eddyville school may not suffer by reason of the mistake made by the trustees, the amount now due it will, if they so desire, be ordered paid in equal installments, due in one, two, and three years with interest.

NEWTON W. UTLEY and GREENE, VAN WINKLE & SCHOOLFIELD for appellant.

MILLER & MILLER, J. L. SMITH and E. H. JAMES for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The board of education of Kuttawa Common School District (No. 29) brought this suit against the trustees of the Eddyville Graded District (No. 8) charging that the taxes paid by the Illinois Central Railroad Co. which should have gone to the Kuttawa district had been received by the Eddyville district. The circuit court sustained a demurrer to the petition, and dismissed it. From this judgment an appeal was prosecuted to this court, where the judgment was reversed, the mandate directing the circuit court on final hearing to ascertain and determine what is the boundary between the two school districts, and to ascertain what amount of money, if any, had been received by the Eddyville district from the railroad tax to which the Kuttawa district was entitled, and to enter a judgment against the Eddyville district for the amount. (See Board of Education of Kuttawa v. Trustees of Eddyville Graded School District. 99 S. W., 905.) On the return of the case to the circuit court, an answer was filed; proof was taken, and on final hearing the circuit court entered a judgment defining the boundaries of the two districts, and fixing the amount to be paid by the Eddyville district to the Kuttawa district. The Eddyville district appeals.

The Eddyville district was created by an act approved March 5, 1874, by which the boundary of the district was fixed as follows:

"The common school mentioned in this act shall embrace the town of Eddyville, and all the territory on the north side of the Cumberland river within one and one-half (1 1-2) miles of the said town, and the territory on the south side of said river in three-fourths (3-4) of a mile of said town, also including B. C. Ballard."

The boundary of the Kuttawa district was fixed by an act of the General Assembly approved March 31, 1886, as follows:

"That the boundary of common school district No. 29 in Lyon county be, and the same is hereby, so changed as to include within said district the farms of Willis B. Machen and William B. Jones, and hereafter Lick Creek shall be the line between said district No. 29 and common school district No. 8, from the bridge near the railroad depot up to the Jones farm, and the Chesapeake & Ohio railroad shall be the line of said districts on the south."

Previous to the act of 1886, the Machen farm and the Jones farm were both in the Eddyville district which also included the land along Lick Creek and for some distance beyond it. The plain purpose of the act was to add to the Kuttawa district the Machen farm and the Jones farm. Lick Creek is the line between the two districts from the bridge near the railroad depot up to the Jones farm, and from this point the lines of the Jones farm are the lines of the district. These provisions fix that end of the line between the two districts. The other end of the line between the two districts is fixed by these words, "the Chesapeake & Ohio railroad shall be the line of said districts on the south." In other words, the railroad is the line between the two districts from Lick Creek to Knob Creek. The previous part of the act adding the farms of Machen and Jones to the Kuttawa district is to be read in connection with the provision that the railroad shall be the line on the south, and Lick Creek and the boundary of the Jones farm the line there. It is insisted for appellant that the whole of the railroad remains in the Eddyville district on the ground that repeal by implication is not favored, and that as the railroad was in the Eddyville district before, it should be held to remain there unless a clear intention is shown to transfer part of it to the other district. In support of this view we are referred to the case of Couch v. Texas Pac. R. R. Co., 90

S. W., 860, in which it was held that the right of way of a railroad company is not a public highway like a public road or a street, and that a deed bounded by it does not run to the center of the right of way. But the act in question does not refer to the right of way. Its language is that the railroad shall be the line of the two districts. It refers not to the right of way, but to the railroad itself. The railroad is the line. The railroad is no more in one district than the other according to the act. It is the line between the two. The railroad being the boundary of the districts, as in the case of a fence, stream or other like object, the line between the districts must be the center of the railroad, that is, one-half of the railroad lies in one district and one-half in the other.

It is insisted for appellant that as the Eddyville district has for a number of years collected and used the railroad tax without objection on the part of the Kuttawa district, the court should follow the contemporaneous construction of the statute by the parties. But the construction of the statute is for the court, and where the language is not ambiguous, a resort to its construction by others is improper.

In 36 Cyc. 1139, the rule is thus well stated:

"On the principle of contemporaneous exposition, common usage and practice under the statute, or a course of conduct indicating a particular understanding of it, will frequently be of great value in determining its real meaning, especially where such usage has been acquiesced in by all the parties concerned, and has extended over a long period of time. But no matter how long the usage has been established, or how general the acquiescence in the customary construction, it will not be permitted to vary or to defeat the real intention of the Legislature as expressed in the statute and interpreted by the court."

Nothing more appears than the failure of the trustees of the Kuttawa district for some years to assert their right. By this the district lost its claim so far as it is barred by limitation, but the mere non-action of the trustees will not be given any greater effect. School trustees are not ordinarily learned in the law or acquainted with the rules for the construction of statutes and their mere non-action should not prejudice the district by working a change in its boundary.

The circuit court properly held that so much of the railroad as is in the Jones farm is in

the Kuttawa district exclusively, and that so much of the railroad as lies between the Jones farm and Lick Creek is in the Eddyville district exclusively. He also properly held that the railroad is the line between the two districts on the south; but he erred in holding that any part of the railroad between Lick Creek and Knob Creek is exclusively in the Kuttawa district. By the act the railroad is the line between the two districts from one creek to the other. But that the Eddyville school may not suffer by reason of the mistake that has been made by the trustees, the amount now due will, if they so desire, be ordered paid in equal installments, due in one, two and three years with interest.

Judgment reversed and cause remanded for a judgment as above indicated.