## Thomas et al. v. Spragens et al.
June 25, 1948.

Rehearing denied October 5, 1948.

Ben B. Fowler for appellants.

Robert M. Spragens and Henry G. Boldrick for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This is a controversy between the Board of Education of Lebanon and the Board of Education of Marion County. Members of the former Board filed suit for a

declaration of rights to have determined whether or not certain territory previously a part of the Marion County school district is now a part of the Lebanon independent school district. The Court adjudged that this territory had become a part of the Lebanon district when annexed by that city (one of the fourth class) on January 1, 1948.

The question presented is one of law and involves the construction of statutes relating to school districts.

Under our statutes, counties are the principal school district units. KRS 160.010 provides: "Each county in this state constitutes a county school district, except that in counties in which there are independent school districts the county school district consists of the remainder of the county outside of the boundaries of the independent school districts."

KRS 160.020 establishes certain independent school districts in the following language: "All school districts embracing cities of the first five classes together with the territory within their limits, including any territory that has been added for school purposes outside of the city limits, * * * constitute independent school districts."

KRS 160.050 makes provision for the annexation by an independent school district of any part of a county district lying adjacent to the former. This may be done under certain conditions with the approval of the county board of education and the Superintendent of Public Instruction, and upon the vote of the people living within the territory proposed to be annexed.

The city of Lebanon by proper proceedings under KRS 81.210 et seq. (which does not relate to school purposes) annexed certain adjacent territory. Included in this area was some valuable industrial property which apparently lies at the root of the controversy. It is the contention of the Lebanon district that the extension of the city limits by annexation automatically extended the district limits. On the other hand, the county district contends that the only manner by which an independent district may absorb additional territory is by the procedure prescribed in KRS 160.050, referred to above.

It is conceded by both parties that under the statutes enacted in 1920 pertaining to this subject matter,

the annexation of additional territory by a city would automatically extend the boundaries of the city's school district. This was clearly provided for in Chapter 14, Acts of 1920, section 3587a-1, Carroll's Kentucky Statutes, 1930 Edition. Section 1 of Chapter 14 then provided in part: (Our italics.) ''Each city of the fourth class in this state, together with the territory now within its limits, including any territory which has heretofore been added for school purposes outside the limits of said city *and any territory which may be in the future included by any change in the limits of such cities,* or such territory as may be added in the manner as hereinafter set out in section XXXI, shall be and constitute a single school district, * * *.''

Section 31 of this same act provided a method by which fourth class cities could extend the boundaries for school purposes ''beyond the city limits.''

In 1934 the legislature completely revised and codified the laws relating to public education. Chapter 65, Kentucky Acts 1934. The section defining independent school districts contained substantially the language above italicized. The 1934 Act, however, did not include any other method for the extension of independent school district boundaries.

In 1940, the legislature authorized independent school districts to annex county sub-districts or parts thereof ''lying adjacent to'' the independent district. (Acts 1940, c. 70.) Section 4399-4b, Carroll's Kentucky Statutes, Feb. 1941 Supp. This section was substantially the same as KRS 160.050, heretofore mentioned, which is now in effect and is the pivot of this controversy.

In 1942 the Kentucky Revised Statutes were enacted. In the definition of independent school districts, (KRS 160.020), the reference to ''territory which may be included by any future change in the limits of such cities'' was deleted. The provision with respect to annexation of county districts *lying adjacent to the independent district* was retained.

Deletion of the language from the independent school district definition was in part attributable to the opinion of the Statute Revision Commission that the law

which effected an automatic extension of independent city school districts along with the extension of city boundaries had been repealed by implication when the 1940 amendment (KRS 160.050), was enacted.

It is argued on behalf of the county district that the change in the law was made to prevent the disruption of the school system by changes in city limits; to protect county district units from flank attacks on their financial structure; and to give the people directly affected an opportunity to vote on the proposed changes in the local school situation. On the other hand, the Lebanon district insists that if the present statute does not clearly provide for the automatic extension of school district limits with the extension of the city limits, there is a doubt or ambiguity in the law, and under KRS 446.130 we must turn to the statutes existing prior to 1942 for the purpose of resolving the ambiguity. It is contended that repeals by implication are not favored and that the language deleted in the 1942 revision should have been left in the statute.

While the problem is not free from difficulty it is our opinion that the law as it now stands does not permit the annexation of additional territory by independent school districts except as specially provided in KRS 160.045 and KRS 160.050. We are unable to find any conflict in the sections of the law pertinent to our question nor any latent or patent ambiguities which would necessitate reference to the acts prior to 1942 as directed by KRS 446.130. If any exist, reference to prior laws only confirms our conclusion.

The Lebanon district argues that the present statute, KRS 160.020, which refers to city "territory within their limits" includes not only such as existed when the law was enacted, but any future limits changed by annexation. We cannot accept this construction of the statute since the legislature had, prior to 1942, used specific language in the same statute obviously considered necessary to cover possible future changes in the city limits.

KRS 160.050 on its face appears to be all inclusive concerning the method by which an independent school district may annex a part of a county district, when not petitioned by owners of property under KRS

160.045. It is to be noted that the language in the first sentence refers to territory "lying adjacent to the independent district." It does not say, as did the 1920 Act, "beyond the city limits." We must bear in mind that city school districts are independent of the city government. A legislative provision for school purpose annexation must be considered apart from the statute authorizing cities to annex territory for other purposes involving other considerations.

Beginning with, and since 1934, the legislature has enacted numerous amendments to the school laws aimed at a unification of the entire system. In this connection the Superintendent of Public Instruction has been given closer supervision of the changes in school district boundaries. Before giving his approval for a change under KRS 160.050, he must take into consideration the pupil wealth of the territory proposed to be added and that of the county district as a whole, and must consider the probable impairment of the educational program of the county district by loss of some of its territory. This indicates a legislative intent that school district boundaries should not be haphazardly changed without weighing the factors above mentioned. A city council acting independently in extending boundaries for city purposes may or may not consider the effect upon the school system as a whole. In addition, it may be noted that the legislature has recognized the right of voters affected by a change in the school district to have a voice in determining whether or not it shall be made.

Admittedly there are reasons why an independent school district boundary should be co-extensive with the city limits, whether they are enlarged or reduced. However, the fundamental school system unit is the county district (KRS 160.010). The independent districts are cut out from the county district. If the county district may be reduced or enlarged by the vote of a city council without the approval of the county district, the affairs of the latter unit must obviously be at all times uncertain and unstable. It has been pointed out, and we think it is true, that the financial ability of a county to support its schools might be seriously impaired by a city's absorption of valuable taxable property located in the county. This throws some light on the meaning of the law as enacted in 1942.

There is one other statute which merits consideration. Under KRS 160.045, which formerly related to cities of the fifth and sixth classes but by virtue of an amendment in 1948 relates to any municipalities, the owners of real property in a county school district, part of which is within a municipality, may demand that their property shall become a part of the school district in which the greater part of the municipality is located. This statute indicates the legislature recognized *a part of a county school district might well be within city limits*. If the city school district expanded automatically with the city limits changed by annexation (other than for school purposes), there would not be, except in rare instances when the county district annexed a part of the city district, any portion of a county district within the city limits. It is worthy of note that counsel for the Lebanon district concedes the "possibility" that the 1948 amendment to the above statute did "change the law with regard to the automatic expansion of the independent school district boundaries in cities of the first four classes."

It is also significant that the legislature has not seen fit in six years and three regular legislative sessions to change the law enacted in the 1942 revision which did away with language effecting automatic extension of independent district boundaries.

The lower Court in its opinion pointed out certain practical difficulties which might develop if the city and district boundaries were different. It is true that such difficulties may be encountered and the present school system is far from perfect. However, we believe the legislature has shown a clear intention to abolish the haphazard changing of school district boundaries by providing specific methods in which all interested parties participate.

It is our conclusion that KRS 160.045 and KRS 160.-050 provide the exclusive procedures by which an independent school district may annex county school district territory, and the Lebanon school district boundaries were not extended by virtue of the annexation proceedings of January 1, 1948.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.