## Doller et al. v. Reid.

October 26, 1948.

C. E. Rankin for appellants.

Smith & Leary and E. C. Newlin for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

### Statement of the Case.

This suit was brought as a class suit by appellants, five duly licensed and active practitioners of veterinary medicine, surgery and dentistry, to enjoin appellee from practicing that profession without a license which, it was alleged in the petition, he did not have. By amended petition they ask for a declaration of rights as between appellants and appellee. To this petition and amended petition appellee filed a special demurrer which raised the question of the right of appellants to bring or maintain this action. A general demurrer was also filed but before this was passed on the General Assembly of Kentucky at its regular 1948 session had enacted Senate Bill No. 173 regulating the veterinary profession, and appellee had been issued a license to practice his profession under its provisions. Shortly thereafter appel-

lee filed a motion to dismiss the suit because it had become a moot case with the issuance of a license to appellee under the terms of the act referred to. Appellants then filed their amended petition No. 2 alleging the act in question was unconstitutional and void and that therefore no legal license could have been issued to appellee under its provisions. By agreement of the parties the demurrer which had been filed to the petition was carried to the petition as amended. The lower court then sustained the demurrer to the petition and amended petitions and appellee declining to plead further the petition and amended petitions were dismissed. From the judgment dismissing the petitions appellants prosecute this appeal.

### The Questions Involved.

On this appeal two questions have been raised and ably briefed: (1) Did appellants have such property right in the practice of their profession as to enable them to bring this suit for injunction or is the right to bring such action limited to the public authority charged with the enforcement of the law against the practice of veterinary medicine without a license; (2) is Senate Bill No. 173, now Chapter 321, KRS 1948 edition, unconstitutional?

### I.

We think it is not necessary for us to decide the first question in view of our decision on the second one because if the act under which appellee has now been issued a license is constitutional and the Kentucky Board of Veterinary Examiners which issued him the license had the authority to do so, the right of appellants to bring the action becomes immaterial and the question a moot one.

### II.

There is no contention on the part of appellants that the act in question, now Chapter 321, KRS, 1948 edition, which was passed at the instance of the veterinary profession, is unconstitutional as a whole. The act, which is titled *An Act to regulate the practice of veterinary medicine, surgery, and dentistry in the Commonwealth of Kentucky,* is a well drawn and comprehensive one regulating the admission of applicants to the practice of that profession after examination and the issuance

of a license by the Board of Examiners created under the act, and the practice of the profession after such admission. The only section of the act under attack and complained of by appellants is KRS 321.210 (2) which reads as follows:

"Any person who had been a practitioner of veterinary medicine, surgery or dentistry in this Commonwealth for a period of one (1) year next prior to March 24, 1916, upon application to the Board and the payment to the Board of a fee of twenty-five ($25.00) dollars, shall be entitled to a license, and said Board shall issue to such applicant a license on the standard form used and approved by the Board, signed by its Chairman and Secretary-Treasurer and attested by its seal, which license he shall have recorded in the office of the county court clerk of the county in which he resides, as provided in KRS 321.290. No License shall be issued under the provisions of this subsection after the 30th day of June, 1948, except as to applications filed with the Board prior to said date.

Appellants contend that the inclusion of this section, which was inserted in the act as an amendment after its introduction, violates the requirements of Section 51 of the Constitution because the subject matter embraced in the section is not expressed in the title of the act, hereinabove set out. We think there is no merit in this contention. The title of the act clearly shows that it regulates the entire question of the practice of veterinary medicine, surgery and dentistry. Certainly the qualifications of those who were to practice that profession and the condition under which they were to be allowed to do so is covered by the general title to this act. The purpose of a title to a legislative act is to give notice to all concerned of the matters treated in the act so that no matters foreign to the purposes of the legislation be incorporated therein. We think the section above quoted, sometimes called a "grandfather" clause, bore a natural relation to the remainder of the act, is germane to the title and is clearly not violative of Section 51 of the Constitution. Engle v. Bonnie, 305 Ky. 850, 204 S. W. 2d 963, cited and relied on by appellants, is not in point.

Appellants further contend that the legislation em-

bodied in the amendment, which is the section above quoted, is class legislation, is arbitrary, unreasonable and unjust because it undertakes to grant appellee and his class a license without the necessity of taking an examination as is required by the act for new entrants into the profession; that it violates constitutional provisions which prohibit granting to any man or set of men special privileges or emoluments except in return for public service rendered; that the section in question is nothing but a special privilege act. In discussing this phase of the case it will be necessary to outline some of the historical background of the present litigation.

Prior to 1916, the practice of the profession of a veterinarian was not regulated by law. At the 1916 session of the General Assembly there was enacted a general and fairly comprehensive law regulating the profession and prescribing qualifications for admission to and licensing of members of that profession. The original act is shown as Chapter 71, Acts of 1916, and so much thereof as remained in effect was included in the 1946 edition, KRS, as Chapter 321. That act contained a "grandfather" clause which provided in substance that every person who had been a practitioner of veterinary medicine, surgery or dentistry in this Commonwealth for one year prior to the passage of the act could, upon payment of the prescribed fee, be issued a certificate to practice. Application for licenses under this clause was to be made prior to January 1, 1917. Appellee, though apparently eligible to obtain a license under this clause, did not do so although it is indicated in the record that he continued to practice his profession.

The regular session of the General Assembly of 1946 passed an act, being Chapter 238 of the Acts of that year, which provided for the issuance of a license to Samuel C. Reid, appellee herein, to practice the profession of veterinarian upon the payment of the required fee, the preamble of the act reciting that he had had professional training in that profession for more than one year prior to July 1, 1916, the effective date of the original act above referred to. This act of 1946 was declared unconstitutional and void by this court in the case of Reid v. Robertson, 304 Ky. 509, 200 S. W. 2d 900, because it violated Sections 59 and 3 of the Constitution of Kentucky.

Clearly that act was a special act which affected Samuel C. Reid alone and was properly stricken down as such by this court. The "grandfather" clause of the 1916 act and the "grandfather" clause of the present act, heretofore quoted, clearly are not special acts as was the 1946 act. On the contrary they made a classification of all those persons who had been practitioners of veterinary medicine, surgery or dentistry in this state for a period of one year prior to March 24, 1916, and evidently determined that those persons in this class had sufficient experience and qualifications to enable them to continue to practice this profession without further examination and accordingly directed the Board to issue a license to any person in this class. We think the Legislature had the right to exercise its discretion in a matter of this nature and that its action in doing so was not arbitrary or that it granted a special privilege to appellee. In enacting regulatory legislation of the character now under consideration it has always been the custom of the Legislature to exempt from certain provisions of such legislation those persons already engaged in the particular business or profession being regulated. Thus in such regulatory acts as those concerning doctors, lawyers, plumbers, barbers and beauticians, realtors and others that could be mentioned, "grandfather" clauses have always been inserted which exempted from examination as a condition to being licensed in the profession or business, those who were already bona fide engaged in the profession. We cannot say that because the Legislature reached back to 1916 in its exemption in the 1948 act, it did so for the special benefit of appellee. In fact it is said in appellee's brief and not denied in appellant's brief that since the effective date of the 1948 act fourteen others, in addition to appellee, all similarly situated, have complied with the provisions of the section being attacked and have been issued licenses by the Board of Examiners thereunder.

### Conclusion.

We are of the opinion that KRS 321.210(2) is not unconstitutional and that the judgment of the lower court in so holding and in dismissing appellants' petition should be and is affirmed.

Judgment affirmed.