## Board Of Education Of Kenton County v. Mescher et al.

May 27, 1949.

454

John E. Shepard for appellant.

John A. Kohrman, Marion W. Moore and Blakely, Moore & Harrison for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellants here attack the constitutionality of KRS 160.045. Appellant, Board of Education of Kenton County, has exclusive jurisdiction of all the territory and schools in Kenton County outside of 4 independent school districts, namely, Erlanger-Elsmere, Beechwood, Ludlow, and City of Covington.

Appellees, some 14 or 15 in number, live in the eastern part of Fort Mitchell, a city of the sixth class. This eastern part lies in territory assigned to the Kenton County Board of Education. The western part lies in the territory assigned to the Beechwood independent school district. The school building of the Beechwood district is situated about a mile west of Fort Mitchell in the city of South Fort Mitchell. The school building of the Kenton County Board of Education is situated about a mile east of Fort Mitchell in the city of Park Hills. The children of appellees have been attending the Beechwood School, for which payment of tuition was required.

Pursuant to KRS 160.045, appellees petitioned the Kenton County Board of Education to transfer their ter-

ritory from the Kenton County Board to the Beechwood Board. Upon refusal of the Kenton County Board so to do, this suit was instituted seeking writ of mandamus to compel the transfer.

In 1948 the Legislature amended KRS 160.045 by including in its purview all cities of any class.

Appellees, plaintiffs below, amended their original petition to assert their rights under the broadened statute. The matter was submitted to the court, which adjudged in favor of plaintiffs and ordered by writ of mandamus the Kenton County Board of Education to make the transfer in compliance with the statute and prayer of the petition. The Kenton County Board appeals.

Aside from incidental matters which have been raised, the question principally to be determined in this action may be very simply stated: Is KRS 160.045, as originally enacted in 1946, and as amended in 1948, general or special legislation? The pertinent part of the statute as originally adopted reads:

"Whenever any territory in any municipality of the fifth or sixth class or any territory which may become incorporated in any such municipality, is located in a county school district, the owners of real property in such territory are given the right to demand of the board of education of the county school district in which their property is located that said property should be placed in and become a part of the school district in which the greater part of said municipality is located and embraced; whether said school district be a county or independent school district."

As amended that section reads:

"(1) Whenever any territory in any municipality or any territory which may become incorporated in any municipality, is located in a county school district, the owners of real property in such territory are given the right to demand of the board of education of the county school district in which their property is located that said property should be placed in and become a part of the school district in which the greater part of said municipality is located and embraced; whether said school district be a county or independent school district."

The remaining paragraphs of the statute are the same as originally adopted in 1946.

Appellants complain first of being denied the privilege of pleading the legislative history of the several acts. The purpose sought to be accomplished by such pleading was to show that the Legislature, yielding to pressure, passed this special act in violation of constitutional prohibitions and without regard to the provisions of the general school law. It is insisted that the history of the case would show the act to be specifically passed for a special group and therefore violative of Subsection 29 of Section 59 of the Constitution, which provides:

"* * * where a general law can be made applicable, no special law shall be enacted."

By the so called history appellant would inject into the litigation the fact that demand had been made by appellees upon appellant Board to pay the tuition of their children in the Beechwood School, which was refused; that another demand was made with accompanying threat that unless the Board would pay the tuition an act would be passed for the special purpose of placing that territory in the Beechwood School district; and that after second refusal, aid of others of influence, including a State Senator, was enlisted and through such organized effort the Act above was introduced and passed.

Inquiry into the legislative history of a statute should be considered as an aid in arriving at a true interpretation thereof. This principle is well established. See Martin v. Louisville Motors Co., 276 Ky. 696, 125 S. W. 2d 241, and Buttonce v. Hikes, 296 Ky. 163, 176 S. W. 2d 112, 50 A. L. R. 779. In the latter case, quoting from an Indiana case, State Board of Tax Com'rs v. Holliday, 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826, it was said:

"In order to ascertain the intention of the legislature, the court should look to the letter of the statute, to it as a whole, to the circumstances under which it was enacted, to the old law, if any, to the mischief to be remedied, to other statutes, to the rules of the common law, and to the condition of affairs when the statute was enacted. Humphries v. Davis, 100 Ind. 274 (50 Am. Rep.

788); Middleton v. Greeson, 106 Ind. 18, 5 N. E. 755; Wasson v. (First Nat.) Bank, 107 Ind. 206, 8 N. E. 97; May v. Hoover, 112 Ind. 455, 14 N. E. 472; Parvin v. Wimberg, 130 Ind. 561, 30 N. E. 790 (15 L. R. A. 775, 30 Am. St. Rep. 254). Suth. St. Const. sec. 311, says: 'The contemporary and subsequent action of the legislature in reference to the subject-matter has been accepted as controlling evidence of the intention of a particular act.' '' (296 Ky. 163, 176 S. W. 2d 116.)

The above rule does not contemplate the introduction of evidence to show local quarrels or contentions as being a part of the legislative history. The mere fact that a legislative enactment works to the benefit of some and is sponsored by persons interested by no means makes that act special legislation. It is, no doubt, true that such is true of most, if not all, legislative enactments. We think the court properly refused the injection of the local contentions and color as bearing upon the legislative history of the Act.

It is next contended that the title to these Acts failed to meet the requirements of Section 51 of the Constitution, wherein it is provided:

"No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title."

The title to the Act of 1946 reads:

"An Act providing for persons living in cities of the Fifth or Sixth Classes to demand of county school board to place their property in a certain school district." Acts 1946, c. 140.

The title of the Act of 1948 reads:

"An Act relating to school districts, with particular reference to the transfer of territory within a city of any class or territory which may become incorporated in such a city, to a district embracing a greater part of the city." Acts 1948, c. 90.

In Engle et al. v. Bonnie et al., 305 Ky. 850, 204 S. W. 2d 963, 964, the purpose of Section 51 of the Constitution is succinctly set out:

"The purposes of the provision have been stated

many times. Among them is the important purpose to prevent surprise or fraud, and the enactment of vicious legislation under an innocent and misleading title. Therefore, the title must give fair and reasonable notice of the nature and provisions of the Act so that a member of the legislature or any other interested person reading the title may obtain a general notice or knowledge of the contents of the Act or what it proposes to do. The title must be a true although not a detailed index of the contents. If it is restrictive, then the Act must not exceed the specification or include what is not reasonably and properly connected with or germane to it.''

The title gives fair and reasonable notice of the nature and purpose of the Act. It is a true index of the contents, no part of which is deceptive or would afford grounds for surprise or fraud. It is obvious that the title in both the original and amended Act meets the requirements set out in the above case. See also Johnson v. Commonwealth, 291 Ky. 829, 165 S. W. 2d 820; Doller v. Reid, 308 Ky. 348, 214 S. W. 2d 584, and May v. Drake, 309 Ky. 819, 219 S. W. 2d 31.

We address ourselves now to the contention of appellants that the Act is special legislation. We are not impressed with the statement that the Act would make it possible for one or more property owners to be constituted a district or unit for the purpose of moving at will without limitation to contiguous or adjacent districts, which in fact would be a nomadic unit possessed of no more than a folding tent for nocturnal prowlings.

The purpose of the Act, as definitely set out, is to enable all property located within any municipal incorporated territory to be placed in one school district.

Section 183 of the Constitution charges the Legislature with the responsibility of providing an efficient system of common schools throughout the State. In order to accomplish this purpose a system of school districts was created. These districts are creatures of the Legislature and the Legislature has power to alter them or even to do away with them entirely. See Annotations 65 A. L. R. 1524 and following, and Elliott et al., v. Garner et al., 140 Ky. 157, 130 S. W. 997.

It is charged that the classification before amendment, wherein the Act was made applicable to fifth and sixth class cities, had no basis in reason and was arbitrary and capricious and that the grafting of the amendment to become applicable to all cities did not cure the defect. We cannot concur with appellant in this contention.

We agree that in Community Hospital v. Barren County Fiscal Court et al., 244 Ky. 672, 52 S. W. 2d 896, may be found the correct statement of the law concerning the criterion for determining what is special or local legislation as distinguished from general. But a careful reading of the full text of the opinion discloses no aid to appellants. It is held therein that the Constitution does not forbid classification based on natural and reasonable distinction. Just classification is within the power of the Legislative Branch of the Government and the wisdom of such classification is distinctly a legislative function. Manning v. Sims et al., 308 Ky. 587, 213 S. W. 2d 577. 50 Am. Jur., Statutes, Section 8.

It is also charged that under Section 60 of the Constitution the Legislature is denied power to ''indirectly enact any special or local law by the repeal in part of a general act, or by exempting from the operation of a general act any city, town, district or county.''

Appellants take the position that the enactment under consideration here repeals, or at least nullifies, a portion of the General School Act, termed by appellants as the ''School Code of 1934.'' Again we cannot agree with appellants' contention.

The Section here under consideration is not in conflict with KRS 160.050 having to do with the transfer from one district to another. It is nothing more nor less than an additional or alternative method of transfer.

The charge is also made that no provision was made for the assumption of the proportionate share of indebtedness. It is conceded by appellees that if the Board has any funded debt, the appellees share will go with them when their property is transferred by operation of KRS 160.065. Nothing more needs to be said about that.

We have carefully considered and analyzed all ques-

tions presented in the exhaustive and skillfully prepared brief of appellants. We conclude that the Trial Court properly resolved the matter.

The judgment is affirmed.