## Turner et al. v. City Board of Education of City of Mayfield

June 23, 1950.

Elvis J. Stahr, Sr., Judge

Henry Jack Wilson for appellants.

F. B. Martin and Sam Boyd Neely for appellees.

STANLEY, COMMISSIONER—Affirming.

Confusion has existed as to the right of children living in property through which the Mayfield School District boundary line runs to attend the city schools. The Mayfield Board of Education, the County Board of Education and the parents of a number of children joined in this suit, praying a judgment which would declare the respective rights and settle the confusion.

The homes front on Brand Street, which is just outside the eastern coterminous limits of the City of Mayfield and the City School District. The boundary line runs through the lots and in some instances directly through the houses. Some of the owners of the property have paid taxes to the city district; some have paid taxes to the County Board of Education and paid tuition to the City Board and others have paid neither taxes nor tuition to the City Board. The County Board has received the state per capita appropriation for the children who attended the city schools and insists on its right to receive taxes on all the property and to care for the pupils. The City Board insists that it should receive the taxes or tuition. The court adjudged that taxes should be paid proportionately, and with respect to the right to attend the city schools, expressed the following opinion:

"Residence seems to be the gravamen or criterion and not the location of some portion of lands of defendants. Unless their residences be therein, they do not have the right to attend the independent school provided

for pupils residing in such independent or City School District. The question as to whether the children residing in the houses, part of which are actually in the city limits and part in the city school district, is one which requires much consideration and is difficult to determine, but I am of the opinion that such of the defendants whose houses are more than half and as much as two-thirds within the city should be adjudged to reside in the City of Mayfield and, therefore, should be counted per capita in said independent school district and are entitled to attend the city schools of the City of Mayfield without the payment of any tuition.''

The court found that the Turner and Davis children had the right to attend the city school, and the other children did not have the right without payment of tuition as provided by law. Recovery of tuition heretofore paid or not paid was adjudged to the parties or to the school board, as the particular case might be. Other appropriate relief was adjudged.

In February, 1949, many of the parents made demand by petition upon the Graves County Board of Education that their property be transferred to the city district and their children be permitted to attend school there without payment of tuition. It was rejected. This proceeding was taken under the terms of KRS 160.045. The circuit court held it to be inapplicable, but expressed the opinion that KRS 160.050 would be applicable if the two respective boards of education should see proper to act concurrently under its terms. Thomas v. Spragens, 308 Ky. 97, 213 S. W. 2d 452; Board of Education of Kenton County v. Mescher, 310 Ky. 453, 220 S. W. 2d 1016. The appellant, City Board of Education, insists the converse is the proper construction of the Statutes; that is, that the County Board should be compelled to act under KRS 160.045. It would be a sufficient answer to say that the Graves County Board of Education is not a party to the appeal and in no event could a binding adjudication against it be had here. However, we think it apparent that the circuit court's construction of the Statutes is correct. The predicate of action under KRS 160.045 is, ''Whenever any territory in any municipality or any territory which may become incorporated in any municipality, is located in a county school district,'' etc. This seems to cover a situation for the transfer of property from the county to the city school district

where the property has been annexed to the city, since the city school district is a municipality, independent of the city government in respect of education. Thomas v. Spragens, supra. There has been no annexation of the property to the City of Mayfield. The boundary of the city and the school district is identical at this point. There is no overlap or space which is in the city limits and at the same time in the county school district, such as might result through annexation to the city of county territory.

The case, as presented here, is resolved into a review of the judgment with respect to the inclusion or exclusion from the city school district, according to the mathematical formula adopted by the circuit court.

Every child of school age has the privilege of attending the public school in the district in which he lives. KRS 158.030. This does not mean legal domicile in the technical and narrow sense of residence of a person for purpose of taxation or suffrage. It means the place where the child is an inhabitant or where he lives in fact. Board of Trustees of Stanford Graded Common School District v. Powell, 145 Ky. 93, 140 S. W. 67, 36 L. R. A., N. S., 341, Ann. Cas. 1913B, 1016; Crain v. Walker, 222 Ky. 828, 2 S. W. 2d 654; Jefferson County Board of Education v. Goheen, 306 Ky. 439, 207 S. W. 2d 567. The solution of the question of residence of a child for purpose of attending school is not to be found always in the site of the property for taxation, either generally or for school purposes. Thus, a large farm may have a tenant house on a small part of it lying within the limits of a city. The tenant's children would have the right to attend the city schools, while the owner's children would not. It is an unusual situation in this case where the boundary line runs through the houses themselves. It seems to us the determination of the circuit court is the sensible and practical one.

The appellants submit that under the formula adopted, the court erred in not adjudging the children of John W. Garland entitled to attend the city schools and he a judgment of refund of tuition heretofore paid. Mr. Garland testified that about two-thirds of his property is within the city limits, and that he had paid city school taxes on that part of it. He did not say where the boundary line runs in relation to the house in which he and his

children live. The circuit court reached his special conclusions from the consideration of an agreed survey and map which was before him. The map is not brought before us. Under the familiar rule, we must presume that it shows a location of the Garland house which supports the finding of the court.

Judgment is affirmed.