## BOARD OF EDUCATION OF LOUISVILLE et al. v. CITY OF LOUISVILLE et al.

Court of Appeals of Kentucky.

May 29, 1953.

Wm. T. Baskett, Lawrence G. Duncan, County Atty., and Raymond C. Stephenson, Louisville, for appellants.

Gilbert Burnett and Alex P. Humphrey, Louisville, for appellees.

CULLEN, Commissioner.

In a declaratory judgment, the Jefferson Circuit Court held that a proposed bond issue for school purposes in the City of Louisville would constitute an obligation of the Louisville Independent School District rather than of the city; that only voters in the school district would be eligible to vote on the question of issuing the bonds; that taxes to retire the bonds could be levied only against property in the school district; and that the cost of an election on the question of issuing the bonds would have to be paid by the fiscal court of Jefferson County. The Louisville Board of Education, the Jefferson County Fiscal Court, and an interested taxpayer have prosecuted an appeal from the judgment. The City of Louisville and its board of aldermen are appellees.

The questions in issue revolve around the provisions of KRS 162.080 to 162.100, which govern the issuance of voted bonds for school purposes. KRS 162.090(2) provides that such bonds shall be a charge upon the school district, "except in independent districts embracing cities of the first and second classes, in which the bonds shall be a charge upon the sinking fund of the city * * *."

The difficulty grows out of the fact that the Louisville Independent School District does not "embrace" the City of Louisville (which is a city of the first class), in the sense of including all of the city or having

boundaries coterminous with those of the city. The fact is that approximately 25% of the area of the city lies outside the boundaries of the school district.

The difference in territorial scope of the city and the school district is due to the fact that areas recently annexed by the city have not automatically become a part of the city school district. For many years, territory annexed by a city automatically became a part of the city school district. However, by virtue of a change in the statutes, annexation by a city in the last ten years has had no effect upon the boundaries of the city school district. See Thomas v. Spragens, 308 Ky. 97, 213 S. W.2d 452.

The statute which is now compiled as KRS 162.080 to 162.100 was enacted originally in 1912 at the time when city school district boundaries changed automatically with changes in the city boundaries. Such automatic change of boundaries was still provided for by law, and the boundaries of the Louisville Independent School District were coterminous with those of the City of Louisville, at the time of the decision in City of Louisville v. Board of Education, 302 Ky. 647, 195 S.W.2d 291, in which it was held that KRS 162.090 was valid and that bonds for school purposes in Louisville constituted an obligation of the city under that statute.

The basic question with which we are faced is whether KRS 162.090 can still be applied to Louisville school bonds notwithstanding that the boundaries of the city now extend beyond those of the city school district. It perhaps should be pointed out here that the question of where the obligation for the bonds falls is important because the school district must depend on ad valorem taxes to retire a bond issue, whereas the city has other tax resources available for bond retirement purposes; also, the city's debt limit is higher than that of the school district.

In approaching the question, we do not attach much significance to the word "embracing" as used in KRS 162.090. Taking into consideration the apparent purpose and object of the statute, we do not think that the legislature intended the word to be given a strict interpretation so as to limit the statute to situations where the boundaries are exactly coterminous. Our concern is not so much with what the statute means as it is with whether the statute constitutionally may be applied in the situation that exists in Louisville.

To begin with, it is beyond question that if the bonds are to be made an obligation of the city, all of the voters in the city must be given the opportunity to vote on the proposition of issuing the bonds. Section 157 of the Kentucky Constitution requires that. Therefore, the question is whether the voters of the city constitutionally may incur an obligation for purposes from which some of the voters can receive no benefit.

In Board of Education of City of Corbin v. City of Corbin, 301 Ky. 686, 192 S.W. 2d 951, it was held that a city could not make an appropriation from its general fund to the city board of education, because such an appropriation would violate Section 179 of the Kentucky Constitution. It seems to us that the assumption, by the City of Louisville, of a bonded indebtedness for the Louisville Independent School District, would be the equivalent of an appropriation or lending of credit, in violation of Section 179 of the Constitution, as to the taxpayers in the city who live outside the boundaries of the school district.

In City of Louisville v. Board of Education, 302 Ky. 647, 195 S.W.2d 291, the assumption of school bonds by the city was held not to violate Section 179 of the Constitution because for all practical tax purposes the city and the school district were the same, by reason of their coterminous boundaries. No violation of the spirit and purpose of Section 179 was involved. But in the case now before us a substantial number of taxpayers are faced with an obligation for taxes from which they would receive no benefit. As far as they are concerned the city school district is a completely separate and independent corporation.

It is our opinion that the provision of KRS 162.090, making school bonds the obligation of the city in cases where the city school district embraces the city, cannot constitutionally be applied where the city boundaries extend beyond those of the school district. The bonds must constitute obligations of the school district, for which only property within the district may be taxed and for which only voters in the district may vote. Under the statute, the expenses of holding the election must be borne by the fiscal court.

The judgment is affirmed.