**Charles H. MILLER et al., etc. Board of Aldermen of Louisville, Kentucky, et al., Appellants,**

**v.**

**Sherrell NUNNELLEY et al., etc. Board of Education of Louisville, Ky., et al., Appellees.**

Court of Appeals of Kentucky.

June 18, 1971.

James E. Thornberry, Director of Law and Frank A. Logan, Assistant Director of Law, Louisville, for appellants.

Henry A. Triplett, Louisville, for appellees.

John A. Fulton, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, Ben B. Fowler, Frankfort, Rucker Todd, R. Martin Rockwell, Louisville, amicus curiae.

CULLEN, Commissioner.

Under KRS 160.470 the Board of Education of the City of Louisville Independent School District submitted to the Board of Aldermen of Louisville the district's budget for the 1970–71 school year. The budget called for the levy of a basic property tax rate 10 cents per $100 in excess of the rate authorized the "Roll-Back" law, KRS 160.-470 as amended by Section 3 of Chapter 2 of the Acts of the First Extraordinary Session of 1965, and KRS 132.023. The Board of Aldermen refused to levy the tax at the rate requested, on the ground that to the extent of the excess over the "Roll-Back" limit it was illegal. The board did, however, levy a school tax at the maximum rate authorized by the "Roll-Back" law. The Board of Education then brought the instant action against the Board of Aldermen, seeking a declaration of rights and a mandatory injunction compelling the Board

of Aldermen to levy the tax requested by the Board of Education. The circuit court held the "Roll-Back" law unconstitutional and entered judgment granting the mandatory injunction asked for by the Board of Education. However, the court suspended the injunction pending this appeal, which was taken by the Board of Aldermen.

On the appeal, in addition to the briefs of the parties, we have had the benefit of amicus curiae briefs from the Kentucky Farm Bureau Federation (opposing the judgment) and from the Kentucky Education Association and the Kentucky School Boards Association (supporting the judgment). It is perhaps worthy of note that no *taxpayer* is here, either as a party or as amicus curiae.

The circuit court held that the "Roll-Back" law violated Sections 59, 171 and 172 of the Kentucky Constitution. The appellee Board of Education and the amicus curiae School Boards Association and Kentucky Education Association argue of course that the holding is correct, and the School Boards Association further argues that the law violates the equal-protection clause of the Fourteenth Amendment to the United States Constitution. The appellant Board of Aldermen and the amicus curiae Farm Bureau Federation maintain that the law is constitutional in all respects.

A brief recitation of the history of the "Roll-Back" law is called for.

Prior to the enactment of the "Roll-Back" law each school board had the option, under KRS 160.475, of selecting a basic property tax rate anywhere between the minimum of 25 cents and the maximum of $1.50, per $100 of assessed valuation. Immediately prior to the enactment of the "Roll-Back" law the great majority of school boards had selected the maximum, so the *rate* among the districts was substantially uniform in amount as a result of the selection. The impact of the rate (or the *effective* rate) varied greatly among the districts, however, because there were a great variety of *assessment ratios* (ratio of assessed value to actual value). The ratios ranged from a bottom of 20.02 percent to a top of 45.62 percent. The statewide average ratio was 30.14 percent.

In Russman v. Luckett, Ky., 391 S.W.2d 694, this court held that the requirement of Section 172 of the Kentucky Constitution, that all property not exempted from taxation shall be assessed for taxation at its fair cash value, must in the future be enforced and complied with. This decision presented the prospect that the base of taxable wealth on which school tax rates were levied would be more than tripled, statewide, by the raising of assessments from 30.14 percent of fair cash value to 100 percent of fair cash value. This would mean that if the school tax *rates* remained the same as before the raise, the amount of revenue derived from the taxpayers also would be more than tripled (again statewide). This prospect led to the enactment of the "Roll-Back" law.

In simplified form (omitting reference to some features not essential to this opinion) the "Roll-Back" law as applied to school taxes, KRS 160.470, provides that no school district shall submit a budget which would require more revenue from local ad valorem taxes than was produced in 1965, exclusive of *voted* taxes and net assessment growth from new property. The practical effect of this law was to freeze the basic tax rate in each school district at the *effective* rate (the actual rate multiplied by the assessment ratio) the district had in 1965. This is the feature on which the circuit court held the law unconstitutional.

■ The holding of unconstitutionality, and the argument made on this appeal in support of that holding, rest primarily on the proposition that since the *effective tax rates* in 1965 were the result of *assessments* that did not conform with Section 172 of the Kentucky Constitution, the practical effect of freezing those rates is to perpetuate the unconstitutional assessment

ratios, thus continuing the violation of Section 172 and completely frustrating the holding in Russman v. Luckett. We believe the proposition is not valid, for the reason hereinafter stated.

It is true that the basic tax rate that a school *board* has the power itself to select is frozen. The taxing power of the *district,* however, is not frozen, because under KRS 157.440 a district, by *popular vote,* can select as high a rate as it chooses. Thus, unconstitutional assessments are not perpetuated and Russman v. Luckett is not frustrated. The "Roll-Back" law does not prevent a school district from giving full effect to Section 172 and to Russman v. Luckett.

The argument of violation of Section 171 of the Kentucky Constitution is keyed to, and falls with, the argument as to Section 172. We note in passing that Section 171 makes a specific requirement of uniformity only "within the territorial limits of the authority levying the tax," and thus recognizes that the *amount* of the levy need not be the same among the different taxing districts.

█ The secondary argument presented in support of the holding of unconstitutionality is that the "Roll-Back" law violates Section 59 of the Kentucky Constitution and the equal-protection clause of the Fourteenth Amendment to the United States Constitution. This argument narrows down to the proposition that legislation fixing among the various districts different *maximum* basic tax rates that school *boards* may select constitutes special and local legislation and denies equal protection of the law.

█ The "Roll-Back" law had the purpose and objective of protecting the taxpayers against sudden substantial increases in their tax burdens by action of their elected representatives. The provision of the law freezing the maximum effective rate that the representatives could cause to

be levied, within each district, on the basis of each individual district's experience and history, was directly related to the accomplishment of the purpose and objective and was in fact the only method by which full accomplishment could have been achieved. Since the classification made by the legislature on the basis of experience and history thus has a reasonable basis, we cannot say that the law is special or local legislation within the prohibition of Section 59 or that it denies equal protection. Cf Commonwealth v. Griffen, 268 Ky. 830, 105 S. W.2d 1063, in which this court upheld legislation exempting incumbent school board members from newly enacted requirements as to educational qualifications. Classifications on the basis of conditions prevailing at a particular time frequently have been upheld. See 16 Am.Jur., Constitutional Law, sec. 512, p. 897; Doller v. Reid, 308 Ky. 348, 214 S.W.2d 584.

In practical effect the "Roll-Back" law prohibits *any* local school tax not approved by *popular vote,* with a "grandfather-clause" exemption of existing taxes. This is a standard type of legislation.

The laws under which each school district achieved or selected the effective tax rate it had in 1965 were not special or local in any regard, so the situation in which each district is placed by the "Roll-Back" law was not one into which the district was forced by any requirement of former law not applicable to all districts alike.

It is our opinion that the "Roll-Back" law, as applied to school districts is not unconstitutional in the respects adjudged by the circuit court, and that the judgment is erroneous.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, OSBORNE, REED and STEINFELD, JJ., concur.